TAYLOR (HUTCHINS v.). See Case No. 6,953.

---

## Case No. 13,795.

TAYLOR et al. v. The JOSEPH WALKER.

[17 Leg. Int. 255.] [1]

District Court, S. D. New York. 1860.

WHARFAGE—JURISDICTION—LOCAL LIEN.

[Cited in Town of Pelham v. The B. F. Woolsey, 16 Fed. 422, to the point that admiralty cannot enforce a claim for wharfage for the period during which the vessel lay sunk, and therefore not supplied with wharfage services.]

[This was a libel for wharfage by Moses Taylor and others against the ship Joseph Walker.]

BETTS, District Judge. This was an action to recover wharfage. The ship was lying at a pier in the East river, and having caught fire, was pulled away from the pier, scuttled and sunk in the middle of the slip, and lay there some time longer.

Held by the court: That if there is a lien on vessel for wharfage, it is exclusively so by statute usage, or special contract, and is enforced upon that right and not as maritime obligation.

That the vessel being a domestic vessel, a lien on her to the owner of the wharf springs out of the usage of the trade or business of wharfinger, and is local of its character, and except when imparted by express statute, only follows the actual possession of the thing.

That if this case falls within the cognizance of this court, it is so because the cause of action is for supplies furnished the vessel in her home port. But the supreme court have decided that the jurisdiction of admiralty does not embrace such cases. [Chamberlain v. Ward] 21 How. [62 U. S.] 548. And it does not affect the powers of the court that the action was instituted previous to May 1, 1859. Sup. Ct. Rule, 12. That the action cannot be maintained for the period the vessel was sunk and was not supplied with wharfage services.

Libel dismissed with costs.

---

TAYLOR (JUANDO v.). See Case No. 7,558.

TAYLOR (KILLINGLY v.). See Case No. 7,776.

TAYLOR (KIMBALL v.). See Case No. 7,775.

TAYLOR (LONGWORTH v.). See Cases Nos. 8,490 and 8,491.

[1] [Reprinted by permission.]